## Case No. 2,910.

CLUM et al. v. BREWER et al.

[Brunner, Col. Cas. 635;[1] 21 Law Rep. 390.]

Circuit Court, D. Massachusetts. •1856.

COVENANT—INJUNCTION FOR BREACH OF.

A mutual and reciprocal covenant having been broken by one party, he cannot obtain the aid of a court of equity to restrain the other covenantor from its violation. Otherwise, where the covenants are independently or only collaterally connected, though contained in the same instrument; or where the breach is of such a nature that it may be fully repaired, and such reparation made a condition precedent to granting the relief sought.

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

[In equity. Bill by William B. Clum and others against Charles H. Brewer and others.]

George T. Curtis, for complainants.
Choate, contra.

CURTIS, Circuit Justice. When this case was before. the court upon a motion for a preliminary injunction, a construction was put upon the deeds between the parties. See 2 Curt. 506 [Case No. 2,909]. Subsequently leave was given to amend the bill. Under this certain amendments were filed; but these amendments were not drawn into the original bill, nor are any places where they were designed to be inserted in any way indicated. They are filed in court by the complainant Morse alone, and not by him and Clum, in whose name alone the bill was originally filed; and they state a case which, if well founded, shows that Clum had no title. Under these circumstances I feel great difficulty in proceeding upon the amended bill. The case falls within the rule laid down in Shields v. Barrow, 17 How. [58 U. S.] 130; for the amendments not only state a totally new case, but one which is inconsistent with that set up in the original bill. But as no objection was taken to these amendments until the hearing, and they have been answered, and the case set down for hearing, without objection, on the bill and answers, I shall not refuse to adjudicate, though in point of practice the proceeding is open to very serious objection.

The questions of construction have been again argued. They are not free from difficulty; but I see no sufficient cause to change the opinion heretofore formed and expressed.

Another question has been raised upon the fifteenth article of the agreement, which is as follows:—"15th. It is also agreed, that excepting the negotiations which may be conducted without the limits of the United States, by the said Smith as hereinbefore provided, and during his first mission abroad, no negotiation or sale of rights to use said invention, to or by any government or individual, and no contract in any way affecting the manufacture or use of the mechanism of said invention, shall be made or entered into by any of the said proprietors, without the assent and concurrence of all the proprietors hereinbefore named, or of their legal representatives." It is insisted that though the complainant has himself broken this covenant by the license granted to his co-complainant Clum, he did so under a misapprehension of his rights, arising out of a construction of the deeds which differed from that placed upon them by the court, and that he can now have relief in the nature of a specific performance of that article, by a decree restraining Smith from its violation, and Brewer from acting under the title which Smith made to him, contrary to the covenant in that article contained.

It is a maxim that he who seeks equity must do equity. This mutual and reciprocal covenant having been broken by Professor Morse, he cannot obtain the aid of a court of equity to restrain the other covenantor from its violation. It is true that the court, on a bill for specific performance, does not inquire into breaches of other contracts between the same parties, even though they may be contained in the same instrument, provided they are only collaterally connected together. The law on this subject is very fully expressed by Sir James Wigram in Hanson v. Keating, 4 Hare, 1; and was applied in Gibson v. Goldsmid, 27 Eng. Law & Eq. 588. But here the covenants are mutual and reciprocal, and not independent. It is true, also, as may be seen in Sir James Wigram's opinion, that a court of equity will sometimes grant relief to a plaintiff who has not kept his part of the contract in question, when the breach is of such a nature that it may be fully repaired, and one of the conditions precedent for obtaining the relief may be such full reparation, as payment of the purchase money before receiving a conveyance. But upon this bill the court cannot enjoin Professor Morse from further breaches of this covenant, nor Clum from acting under the title which Morse has made to him in violation of the covenant. Yet Smith's title to such an injunction is precisely the same as Morse's under this covenant. If upon this bill I were to enjoin the defendants upon the footing of what is contained in the covenant, I should not only fail to see justice done to Smith, but I should, practically, be protecting Clum in the enjoyment of a title gained by a breach of the mutual covenant under which I should act. This I cannot do. The bill must be dismissed with costs.